UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SUSAN L. NASON,

     Plaintiff,                                           Case No. 3:16-cv-49

vs.

COMMISSIONER OF                        District Judge Thomas M. Rose
SOCIAL SECURITY,                        Magistrate Judge Michael J. Newman
     Defendants.

---

## REPORT AND RECOMMENDATION[1] THAT DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (DOC. 12) BE DENIED

---

This Social Security disability benefits appeal is before the Court on the Commissioner's motion to dismiss. Doc. 12. Plaintiff filed a memorandum in opposition. Doc. 13. The Commissioner did not file a reply, and the time for doing so has expired.

The facts as relevant to the Commissioner's motion to dismiss are undisputed. Plaintiff's application for Social Security disability insurance benefits ("DIB") was denied by an Administrative Law Judge ("ALJ") on May 29, 2014. Doc. 2 at PageID 16. Thereafter, the Appeals Council affirmed the ALJ's decision on December 1, 2015. *Id.* Plaintiff filed her motion for leave to proceed *in forma pauperis* ("IFP") in this Court on February 12, 2016 (doc. 1),[2] seventy-three (73) days after the date of the Appeals Council's notice. *See* doc. 12-2 at PageID 108. ("IFP"). Doc. 1. The Commissioner now moves to dismiss Plaintiff's complaint

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "[W]hen a petitioner files for permission to file IFP, a complaint is considered filed on the day the clerk's office receives both the complaint and the application to proceed IFP, even if the complaint is not formally stamped 'filed' until a later date when the IFP application is granted." *Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004)

arguing that it was not timely filed within the 60-day appeal period provided for in 42 U.S.C. § 405(g). Doc. 12.

Judicial review of Social Security decisions is governed by 42 U.S.C. § 405(g), which provides that:

> Any individual, after any final decision of the Commissioner . . . made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him [or her] of notice of such decision or within such further time as the Commissioner . . . may allow.

The regulations define "mailing" as the date the individual receives the Appeals Council's notice of a denial of a request for review. *See* 20 C.F.R. § 422.210(c). The date of receipt is presumed to be 5 days after the date of issuance of such notice by the Appeals Council, unless there is a reasonable showing to the contrary. *See* 20 C.F.R. §§ 404.901, 422.210(c); *see also Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435-36 (6th Cir. 2007). The 60-day time limit for seeking judicial review of an ALJ's decision is not a jurisdictional bar but, rather, a statute of limitations subject to equitable tolling. *Cook*, 480 F.3d at 435. In determining whether equitable tolling is appropriate under the circumstances, courts consider the following factors:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id*. (citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)).

Here, the Appeals Council's notice is dated December 1, 2015. Doc. 13 at PageID 116. Under the Commissioner's regulations, *supra*, Plaintiff presumptively received that notice in the mail on or before December 6, 2015. *See* 20 C.F.R. §§ 404.901, 422.210(c). Assuming Plaintiff received the notice on December 6, 2015, her appeal was due to be filed 60 days later, *i.e.*, on or

before February 4, 2016. Again, Plaintiff did not initiate this appeal until February 12, 2016, *i.e.*, eight days after expiration of the presumptive deadline for filing an appeal. Doc. 1. Thus, without dispute, this case was not timely filed and the issue is whether equitable tolling is appropriate under the circumstances.

Prior to expiration of the limitations period, Plaintiff did, through counsel, request "additional time to file the Appeal due to a medical emergency in [counsel's] office and [counsel's] current caseload." Doc. 13 at PageID 115. Thus, there is evidence of diligence on Plaintiff's part to pursue her rights. *Id*. Further, the Commissioner demonstrates no prejudice resulting from Plaintiff's slight delay in filing suit in this Court. Accordingly, the undersigned finds equitable tolling appropriate in this case and **RECOMMENDS** that the Commissioner's motion to dismiss (doc. 12) be **DENIED.**

Date: June 5, 2017             s/ Michael J. Newman
                                                                  Michael J. Newman
                                                                   United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).